UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF NEW YORK

... ..Y
...UMENT
...ECTRONICALLY FILED
.OC #: _____
DATE FILED: 10-21-13

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

v.

JOSEPH M. MANCUSO,

          Defendant.

Case No. 13-CV-2555
(RJS) (AJP)

ECF Case

## FINAL JUDGMENT AS TO DEFENDANT JOSEPH MANCUSO

The Securities and Exchange Commission having filed a Complaint and Defendant Joseph Mancuso ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $349,489, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $112,171, for a total of $461,660. Based on Defendant's sworn representations in his Statement of Financial Condition dated July 10, 2013, and other documents and information submitted to the Commission, however, the payment of the disgorgement and pre-judgment interest thereon is waived. The determination to waive payment of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring

Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, or pre-judgment and post-judgment interest, should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; or (5) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense. Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

3

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: Oct. 17, 2013

UNITED STATES DISTRICT JUDGE

4